IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Howard Levey, John and Susan L. Walter, h/w *and* Allstate Insurance Company<br>　　　　　　　Plaintiffs<br><br>　　　　V.<br><br>Boat America Corporation, *and* Delaware Bay Launch Service, Inc.<br>　　　　　　　Defendants | Complaint |

## COMPLAINT IN ADMIRALTY

Plaintiffs Howard Levey, John and Susan Walter, h/w and Allstate Insurance Company, Inc., by their attorneys, Stephen K. Carr and Charles M. Oberly, III, complaining of the defendants respectfully state and allege upon information and belief as follows:

### PARTIES

1. Individual Plaintiffs are residents and citizens of Pennsylvania.

2. Plaintiff Allstate Insurance Company is a corporation organized under the laws of the State of Illinois having its principal place of business in the State of Illinois.

3. Defendant Boat America Corporation ("BoatU.S.") is a corporation incorporated under the laws of the State of Delaware having its principal place of business in Alexandria, Virginia.

4　　　Defendant BoatU.S. either itself or through its franchises is licensed to do business in Delaware.

5       Defendant BoatU.S. is engaged, among other things, in providing towing services to its members through its licensees/franchisees.

6       Defendant Delaware Bay Launch Service, Inc. is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Milford, Delaware.

7.      Defendant Delaware Bay Launch Service, Inc. is engaged, among other things, in providing towing services.

## JURISDICTION AND VENUE

8       This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

9       Venue is properly laid in this district pursuant to 28 U.S.C. § 1391, the claims in this action arose in this district as more fully set forth herein. Accordingly, all or a substantial part of the events or omissions giving rise to the claims in this action occurred in this district.

## FACTS

10.     On April 22, 2005, Plaintiff Howard Levey was the owner of a 25 foot Grady White sportfishing vessel, "Seas the Day2", and was a member of BoatU.S.

11.     On April 22, 2005, Plaintiffs Levey and Walters departed the Cedar Creek Marina in Milford, Delaware aboard "Seas the Day2" en route to Ocean City, Maryland.

12.     Upon entering Delaware Bay, "Seas the Day2" ran aground on a mud shoal.

13.     Despite the best efforts of Plaintiffs Levey and Walters, "Seas the Day2" could not be refloated.

14.     A call was made to the nearest BoatU.S. representative in the area, co-defendant Delaware Bay Launch, Inc., located in Milford, Delaware.

15      Co-defendant Delaware Launch, Inc. advised Plaintiffs that because of water depth they would not be able to assist until "half tide" in about 4 hours.

16      Despite the passage of more than four hours, co-defendant Delaware Bay Launch, Inc., did not come to the aid of "Seas the Day2", which eventually was cast against the stone jetty nearby and became a constructive total loss.

17      The United States Coast Guard, responding to a MayDay call from the Plaintiffs, carried out a helicopter medivac rescue of all three Plaintiffs from the beach on which they were stranded and transported them to Cape May, New Jersey, where Plaintiffs Levey and John Walter received Emergency Room treatment and Plaintiff Susan Walter was admitted at the Burdette Tomlin Memorial Hospital.

**FIRST CAUSE OF ACTION AGAINST BOATU.S.**

18.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 17.

19.     Plaintiff Howard Levey has been a member in good standing of BoatU.S. since 1981 with an unlimited option.

20.     Defendant BoatU.S.' contract with its members in good standing provides towing services from a licensed towing company 24 hours per day.

21.     Defendant BoatU.S.' contract with its members in good standing provides for ungrounding assistance for a soft grounding.

22.     Defendant BoatU.S. breached its contract with Plaintiff Howard Levey in failing to provide towing service through its licensed towing company.

23.     Defendant BoatU.S. breached its contract with Plaintiff Howard Levey by failing to provide ungrounding assistance through its licensed towing company.

24.     Defendant BoatU.S.'s breach of contract has caused serious and permanent damage to its member Plaintiff Howard Levey.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT BOATU.S.**

25.     Plaintiffs Levey and Waltersrepeat and reallege each and every allegation set forth in paragraphs 1 through 24 as if more fully set forth herein.

26.     Defendant BoatU.S. owed Plaintiffs a duty to provide competent towing and ungrounding services to the boat "Seas the Day2" and its occupants through its licensed towing company, Delaware Bay Launch, Inc.

27.     Defendant BoatU.S. through its licensed towing company was negligent and otherwise failed to exercise due care in carrying out its duty to provide competent towing and ungrounding services.

28.     As a result of defendant BoatU.S.' negligence, Plaintiffs Levey and Walters have suffered personal injuries, pain and suffering, and economic losses as a result of the destruction of "Seas the Day2".

**THIRD CAUSE OF ACTION AGAINST DEFENDANT DELWARE BAY LAUNCH, INC.**

29.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 28 of the Complaint as if more fully set forth herein.

30.     Defendant Delaware Bay Launch, Inc., as a licensed towing company of defendant BoatU.S., owed a duty to Plaintiffs to use due care in performing its towing and ungrounding services.

31.     Defendant Delaware Bay Launch, Inc., was negligent and otherwise breached its duty to use due care in performing its towing and ungrounding services.

32. As a result of defendant Delaware Bay Launch, Inc.'s negligence, Plaintiffs Levey and Walters have suffered serious permanent personal injuries, pain and suffering, and economic losses as the result of the destruction of "Seas the Day2."

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BOATU.S. AND DELAWARE BAY LAUNCH, INC.**

33. Plaintiff Allstate Insurance Company repeats and realleges each and every allegation set forth in paragraphs 1 through 32 of the Complaint as if more fully set forth herein.

34. Plaintiff Allstate Insurance Company paid Plaintiff Levey a claim under his homeowners insurance coverage for the loss of his boat.

35. Total damages sustained by Plaintiff Allstate Insurance Company as a result of this claim were $45,483.75.

36. Plaintiff Allstate Insurance Company sustained these damages as the result of the negligence of Defendant BoatU.S. and its licensed towing company Defendant Delaware Bay Launch, Inc. in failing to carefully and properly perform their duty of providing towing and ungrounding services to the Plaintiffs.

6

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severally, personal injuries, pain and suffering, and economic losses in excess of $75,000, plus interest, attorneys' fees, litigation expenses, prejudgment and post judgment interest, costs and such other and further relief as may be just and proper.

**Respectfully submitted,**

**OBERLY, JENNINGS, & RHODUNDA**

**By:**
*Charles M. Oberly, III*

_____

**Charles M. Oberly, III (743)**
**1220 Market Street, Suite 710**
**P.O. Box 2054**
**Wilmington, DE 19899-2054**
**Attorney for Plaintiffs**

Dated: 8/17/2006

※JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Howard Levey, John and Susan L. Walter, h/w and Allstate Insurance Company

(b) County of Residence of First Listed Plaintiff  **Bucks County**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Charles M. Oberly, III, Esq. 302/576-2000
1220 Market St., P.O.Box 2054,Wilm.,DE 19899

## DEFENDANTS
Boat American Corporation and Delaware Bay Launch Service, Inc.

County of Residence of First Listed Defendant  **Fairfax County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒☒ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Admirality tort claim

Brief description of cause:
Failure to provide competent towing and ungrounding services in navigable waters

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/17/06
SIGNATURE OF ATTORNEY OF RECORD  *Charles M. Oberly III*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __06 - 510__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__8-17-06__  
(Date forms issued)

(Signature of Party or their Representative)

__Frank Joyce Parcels Inc.__  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action