IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x

| | |
|---|---|
| Howard Levey, John and Susan L. Walter, h/w | CIVIL ACTION |
| *and* | IN ADMIRALTY |
| Allstate Insurance Company | |
| Plaintiffs | No. 06-510 |
| v. | |
| Boat America Corporation, | |
| *and* | |
| Delaware Bay Launch Service, Inc. | |
| Defendants | |

---------------------------------------------------------------x

## ANSWER OF DELAWARE BAY LAUNCH SERVICE, INC. WITH COUNTERCLAIMS

Defendant, Delaware Bay Launch Service, Inc., by and through its attorneys, Palmer

Biezup & Henderson LLP, hereby Answers Plaintiffs' Complaint as follows:

1.      Denied.  Answering Defendant is without knowledge or information sufficient to

form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and,

therefore, denies the same.

2.      Denied.  Answering Defendant is without knowledge or information sufficient to

form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and,

therefore, denies the same.

3.      Denied.  Answering Defendant is without knowledge or information sufficient to

form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint and,

therefore, denies the same.

PBH: 185148.1

4.      Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5.      Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6.      Admitted.

7.      Denied.

## JURISDICTION AND VENUE

8.      Admitted.

9.      Admitted only that venue is proper in this district.  The remaining averments of Paragraph 9 of the Complaint are denied.

## FACTS

10.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the Complaint and, therefore, denies the same.

PBH: 185148.1

12.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the Complaint and, therefore, denies the same.

## FIRST CAUSE OF ACTION AGAINST BOATU.S.

18.     Answering Defendant incorporates by reference its answers to paragraphs 1 through 17 of the Complaint as though the same were set forth at length herein.

19.     Denied.  As the averments contained in Paragraph 19 of the Complaint are directed toward another Defendant, Answering Defendant makes no response thereto.  To the extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

20.     Denied.  As the averments contained in Paragraph 20 of the Complaint are directed toward another Defendant, Answering Defendant makes no response thereto.  To the

PBH: 185148.1

extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

21.    Denied.  As the averments contained in Paragraph 21 of the Complaint are directed toward another Defendant, Answering Defendant makes no response thereto.  To the extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

22.    Denied.  As the averments contained in Paragraph 22 of the Complaint are directed toward another Defendant, Answering Defendant makes no response thereto.  To the extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

23.    Denied.  As the averments contained in Paragraph 23 of the Complaint are directed toward another Defendant, Answering Defendant makes no response thereto.  To the extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

24.    Denied.  As the averments contained in Paragraph 24 of the Complaint are directed toward another Defendant, Answering Defendant makes no response thereto.  To the extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT BOATU.S.

25.    Answering Defendant incorporates by reference its answers to paragraphs 1 through 24 of the Complaint as though the same were set forth at length herein.

26.    Denied.  As the averments contained in Paragraph 26 of the Complaint are directed toward another Defendant, Answering Defendant makes no response thereto.  To the extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

27.    Denied.  As the averments contained in Paragraph 27 of the Complaint are directed toward another Defendant, Answering Defendant makes no response thereto.  To the extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

28.    Denied.  As the averments contained in Paragraph 28 of the Complaint are directed toward another Defendant, answering Defendant makes no response thereto.  To the extent that any of these allegations are determined to be applicable to this Answering Defendant, Answering Defendant denies all such allegations.

## THIRD CAUSE OF ACTION AGAINST
## DEFENDANT DELAWARE BAY LAUNCH INC.

29.    Answering Defendant incorporates by reference its answers to paragraphs 1 through 28 of the Complaint as though the same were set forth at length herein.

30.    Denied.

31.    Denied.

32.    Denied.

PBH: 185148.1

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## BOATU.S AND DELAWARE BAY LAUNCH INC.

33.     Answering Defendant incorporates by reference its answers to paragraphs 1 through 32 of the Complaint as though the same were set forth at length herein.

34.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 35 of the Complaint and, therefore, denies the same.

36.     Denied as to Answering Defendant.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim for which relief can be granted as against the Answering Defendant.

### SECOND SEPARATE DEFENSE

The claim made by Plaintiff Allstate is barred as a result of waiver, estoppel and/or accord and satisfaction.

### THIRD SEPARATE DEFENSE

The damages alleged in the Complaint, if they occurred, which is denied, were the result of acts, errors, omissions, and/or negligence of other persons or parties for whom Answering Defendant is not responsible.

PBH: 185148.1

## FOURTH SEPARATE DEFENSE

Answering Defendant neither owed nor breached any duty to Plaintiffs.

## FIFTH SEPARATE DEFENSE

The accident and damages alleged in the Complaint, if they occurred, which is denied, were the result of acts, errors, omissions, and/or negligence of persons or parties over which the Answering Defendant had no supervision, direction or control and for which the Answering Defendant had no responsibility or liability.

## SIXTH SEPARATE DEFENSE

The accident alleged by the Plaintiffs was the direct and proximate result of the negligent operation, management or maintenance of the Seas the Day2.

## SEVENTH SEPARATE DEFENSE

Answering Defendant claims the benefit of all rights and defenses pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. § 181 et seq.

## EIGHTH SEPARATE DEFENSE

The damages alleged in the Complaint by Plaintiffs Howard Levey, John Walter and Susan Walter, if they occurred, which is denied, were caused solely by the fault and neglect of each of them, or all of them jointly and severally, and, therefore, their respective claims should be barred or reduced pursuant to the doctrine of comparative negligence.

PBH: 185148.1

## NINTH SEPARATE DEFENSE

To the extent the Court determines any contract, agreement or understanding to be applicable in the circumstances, Answering Defendant claims the benefit of the terms, conditions, protections, and limitations of liability thereof.

**WHEREFORE**, Answering Defendant prays that Plaintiffs' Complaint be dismissed with prejudice with costs and attorneys' fees to be awarded against plaintiffs and for such other and further relief as this Honorable Court may deem proper and just under the circumstances.

## COUNTERCLAIM AGAINST PLAINTIFFS
## HOWARD LEVEY, JOHN WALTER AND SUSAN WALTER

1.     Counter-claimant Delaware Bay Launch Service, Inc. incorporates by reference its answers to all paragraphs of Plaintiffs' Complaint and all affirmative defenses set forth in its Answer as though fully set forth herein at length.

2.     If the damages alleged in the Plaintiffs' Complaint are proven at trial, which is denied, then said damages were caused by the fault and neglect of Plaintiffs Howard Levey, John Walter and/or Susan Walter, individually or jointly, and each of them is liable to the other and to Allstate, or jointly and severally liable to the other and to Allstate, pursuant to Fed.R.Civ.P. 13 and 14(c).

3.     If it is determined that Counter-claimant is liable to Plaintiffs, or any of them, for the damages alleged in the Complaint, which is denied, then such liability was caused or contributed to by Howard Levey, John Walter and/or Susan Walter, individually or jointly, and Counter-claimant therefore is entitled to recovery over and against them individually, or jointly and severally, for indemnification and contribution, inclusive of counsel fees and expenses.

PBH: 185148.1

**WHEREFORE,** Counter-claimant Delaware Bay Launch Service, Inc. demands

judgment in its favor and against Plaintiffs Howard Levey, John Walter and Susan Walter,

individually, or jointly and severally, for indemnity and/or contribution and/or otherwise, and

further demands judgment in favor of each of them against the other and in favor of Allstate

against each of them, individually, or jointly and severally, pursuant to Fed.R.Civ.P. 13 and

14(c), together with costs of suit, counsel fees and such other and further relief as this Honorable

Court may deem just and proper in the circumstances.


PALMER BIEZUP & HENDERSON LLP


By:  /s/ Michael B. McCauley
    Michael B. McCauley (ID 2416)
    1223 Foulk Road
    Wilmington, DE 19803
    (302) 594-0895
    (302) 478-7625 (fax)
    mccauley@pbh.com
    Attorneys for Delaware Bay Launch Services,
        Inc.

Dated: September 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2006, I electronically filed the foregoing Answer

with Counterclaim using CM/ECF, and served same by first-class mail on the following counsel.

Charles M. Oberley, III
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899-2054

William J. Cattie
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899-0588

PALMER BIEZUP & HENDERSON LLP

Date: September 7, 2006

By:   /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com
Attorneys for Delaware Bay Launch Service,
Inc.