IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD LEVEY, JOHN and SUSAN L. WALTER, h/w, and ALLSTATE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BOAT AMERICA CORPORATION and DELAWARE BAY LAUNCH SERVICE, INC.,<br><br>Defendant. | C.A. No. 06-510 JJF |

## DEFENDANT'S BOAT AMERICA CORPORATION ANSWER TO THE COMPLAINT

Defendant Boat America Corporation Answers Plaintiffs' as follows:

### PARTIES

1. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

2. Admitted.

3. Admitted that Answering Defendant has a registered agent in the State of Delaware. The remaining averments of this paragraph are denied.

4. Admitted that Answering Defendant provides its members with "on-the-water" towing service. The remaining averments of the paragraph are denied.

5. Denied. See Answer 4 above.

6. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

1355729 v.1

7. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

**JURSDICTION**

8. Admitted.

9. Admitted.

**FACTS**

10. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

11. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

12. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

13. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

14. Denied.

15. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

16. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

17. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

## FIRST CAUSE OF ACTION AGAINST BOAT US

18.     Answering Defendant incorporates herein by reference paragraphs 1 through 17 of this Answer as if set forth in full.

19.     Admitted that the Towing Service Agreement between Answering Defendant and Plaintiff Howard Levey was Unlimited.

20.     Denied. The Towing Service Agreement speaks for itself.

21.     Denied. The Towing Service Agreement speaks for itself.

22.     Denied.

23.     Denied.

24.     Denied.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT BOAT US

25.     Answering Defendant incorporates herein by reference paragraphs 1 through 24 of this Answer as if set forth in full.

26.     Denied. The Towing Service Agreement speaks for itself.

27.     Denied.

28.     Denied.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT DELAWARE BY LAUNCH, INC.

29.     Answering Defendant incorporates herein by reference paragraphs 1 through 28 of this Answer as if set forth in full.

30.     To the extent that this paragraph sets forth any allegations against the Answering Defendant they are denied.

31.     To the extent that this paragraph sets forth any allegations against the Answering Defendant they are denied.

1355729 v.1

32. To the extent that this paragraph sets forth any allegations against the Answering Defendant they are denied.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BOAT US AND DELAWARE BAY LAUNCH, INC.

33. Answering Defendant incorporates herein by reference paragraphs 1 through 32 of this Answer as if set forth in full.

34. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

35. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

36. Denied.

### FIRST AFFIRMATIVE DEFENSE

37. The Plaintiffs' Complaint fails to set forth a cause of action against the Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

38. The Plaintiffs' claims are barred by the Economic Loss Doctrine.

### THIRD AFFIRMATIVE DEFENSE

39. The Plaintiffs' Complaint is barred by the terms and conditions of the Towing Service Agreement between Answering Defendant and Plaintiff Howard Levey.

### FOURTH AFFIRMATIVE DEFENSE

40. The incident and injuries alleged in the Plaintiffs' Complaint were caused by the actions of a third person over whom Answering Defendant had no right or duty of control.

1355729 v.1

### FIFTH AFFIRMATIVE DEFENSE

41. The incident and injuries alleged in the Plaintiffs' Complaint were solely caused by the acts or omissions of the Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

42. Answering Defendant claims the benefits of all rights and defenses pursuant to the Limitation of Ship Owners' Liability Act, 46 U.S.C. § 181, *et seq.*

WHEREFORE, Answering Defendant demands Judgment be entered in its favor and against the Plaintiffs plus costs of suit and attorneys fees.

### COUNTERCLAIM

43. Without admitting liability to any party, if an Award is entered against the Answering Defendant, then Answering Defendant is entitled to contribution from the Plaintiffs Howard Levey, John Walter and/or Susan L. Walter whose negligence, individually and jointly, was the proximate cause of the injuries alleged by the others.

44. If it is determined that Answering Defendant is liable for damages to the Plaintiff Allstate Insurance Company, it is entitled to contribution from the Plaintiffs Howard Levey, John Walter and/or Susan L. Walter whose negligence, individually or jointly, was a proximate cause of the incident alleged in the Complaint.

WHEREFORE, the Answering Defendant demands Judgment for contribution be entered in its favor and against the Plaintiffs Howard Levey, John Walter and Susan L. Walter individually, or jointly and severally, for contribution for damages awarded to any of the Plaintiffs.

**[SIGNATURE ON NEXT PAGE]**

1355729 v.1

**RAWLE & HENDERSON LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esq. – ID # 953
George T. Lees, III, Esq. – ID # 4012
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
302-778-1200
Attorneys for Defendant
Boat America Corporation

Dated:  September 15, 2006

1355729 v.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD LEVEY, JOHN and SUSAN L. WALTER, h/w, and ALLSTATE INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>v.<br><br>BOAT AMERICA CORPORATION and DELAWARE BAY LAUNCH SERVICE, INC.,<br><br>      Defendant. | )<br>)  C.A. No. 06-510<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, William J. Cattie, III, Esquire, do hereby certify that on September 15, 2006, I have caused to be sent via E-filing the **DEFENDANT'S BOAT AMERICA CORPORATION ANSWER TO THE COMPLAINT** to the following individual(s):

Charles M. Oberly, III
Oberly, Jennings & Rhodunda
1220 Market Street, Ste. 710
P.O. Box 2054
Wilmington, DE 19899-2054
Attorney for Plaintiffs

Michael B. McCauley, Esq.
Palmer Biezup & Henderson, LLP
1223 Foulk Road
Wilmington, DE 19803
Attorney for Defendant Delaware Bay Launch Service, Inc.

**RAWLE & HENDERSON** LLP

/s/ William J. Cattie, III
William J. Cattie, III, Esq. – ID # 953
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
302-778-1200
Attorneys for Defendant,
Boat America Corporation

1355729 v.1